**In re SCHNEIDER.**

**Patent Appeal No. 2658.**

Court of Customs and Patent Appeals.

March 31, 1931.

See, also, 47 F.(2d) 970.

Wallace R. Lane, of Chicago, Ill. (Willaim S. Hodges, of Washington, D. C., and Louis A. Bisson, of Chicago, Ill., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals affirming the decision of the Primary Examiner rejecting claims 10, 11, 12, 13, and 16 in appellant's application for a patent for an alleged invention relating to adjustable weights for windows and other purposes.

Claims 10, 12, and 13 are illustrative. They read:

"10. In an adjustable weight, a shell, auxiliary weights for use therein, said auxiliary weights being elongated and longer in their central portion than at their tops and bottoms so that in normal position they will be held in the shell but will also be capable of manual rotation about a transverse axis."

"12. In an adjustable weight, a shell provided on opposite walls with weight retaining means, auxiliary weights for use therein, said auxiliary weights being elongated, provided at their ends with means for interengaging with the weight retaining means on the opposite walls, and said ends constituting parts of the curved surface of a cylinder so that in normal position they will be held in the shell but will also be capable of rotation about a transverse axis.

"13. An adjustable weight, comprising a shell having side walls provided with spaced retaining members, auxiliary weights adapted to be located between and retained by said members, said side walls being wider than said auxiliary weights to guard against the same being displaced."

The references are: Reich (French), 385,916, April 2, 1908; Aufderheide, 1,425,-570, August 15, 1922.

The shell, described in the specification, is open in front for the introduction of auxiliary weights. These weights, which are

972

longer in their central portion, are provided with rounded ends so that they may be easily inserted, removed, or, when in normal position, retained in the shell.

In its decision, the Board of Appeals said:

"The patent to Aufderheide is cited to show that adjustable sash weights comprising a support or carrier for removable petty weights whereby the sash weight may be made heavier or lighter to balance sashes of different weights are old in the art.

"The patent to Reich is for a casing, box or chest for carrying briquettes or blocks. The casing of Reich comprises a deep box having closed back and sides, a closed bottom and open top. The front has a window or opening extending from near the bottom through to the top, and the back extends above the sides and is provided with a hole through which the figures may be passed for carrying the casing. Briquettes are shown in the casing which are longer than the width of the window or opening and the top and bottom of the ends of the briquettes are beveled off so that the briquettes may be rotated about their transverse axes to be turned so that they may be turned and passed through the window past the retaining edges of the front of the casing into the interior of the casing and then turned to be retained therein by the front wall.

"We think there would be no invention in using the casing of Reich loaded with a suitable number of briquettes for a sash weight. The briquettes are not shown with rounded ends to facilitate passage through the window but are shown with beveled ends and we think there would be no invention involved in rounding the ends as specified in claims 12 and 16."

It is contended by counsel for appellant that the patent to Reich is not a proper reference because it pertains to nonanalogous art, and does not disclose the claimed invention in full, clear, and exact terms. It is further contended that the Board of Appeals should have followed the decision of the Supreme Court in the case of Potts v. Creager et al., 155 U. S. 597, 15 S. Ct. 194, 199, 39 L. Ed. 275. In that case the court said:

"As a result of the authorities upon this subject, it may be said that, if the new use be so nearly analogous to the former one that the applicability of the device to its new use would occur to a person of ordinary mechanical skill, it is only a case of double use; but if the relations between them be remote, and

especially if the use of the old device produce a new result, it may at least involve an exercise of the inventive faculty. Much, however, must still depend upon the nature of the changes required to adapt the device to its new use."

The involved claims are not limited to window weights, and, with the exception of claims 12 and 16, read directly on the Reich disclosure.

Claims 12 and 16 provide that the auxiliary weights shall have rounded ends, whereas, the briquettes, disclosed in the patent to Reich, have beveled ends.

We are of opinion that the applicability of the Reich device and the slight changes required to adapt it to its new use would occur to a person of ordinary mechanical skill, and that the involved claims are therefore not patentable.

The decision of the Board of Appeals is affirmed.

Affirmed.